# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Delshawn Philpott,** ) | CASE NO. 1:19 CV 1662 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Clifford Pinkney, Sheriff,** ) | |
| ) | |
| Respondent. ) | |

## INTRODUCTION

*Pro se* Petitioner Delshawn Philpott filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. At the time he filed the Petition, Petitioner was incarcerated in the Cuyahoga County Jail, awaiting sentencing for drug offenses. He was sentenced on October 7, 2019. In his Petition, he asserts: (1) the trial court lacked personal jurisdiction to indict or convict him; and (2) the trial court did not rule on his *pro se* motions. For the reasons set forth below, the Petition is denied and this action is dismissed without prejudice.

## BACKGROUND

Petitioner was convicted by a jury in the Cuyahoga County Court of Common Pleas on February 13, 2019, on charges of drug trafficking and drug possession with forfeiture specifications. He was sentenced to ten years in prison on October 7, 2019. He filed a Notice

of Appeal to the Ohio Eighth District Court of Appeals on October 7, 2019. That appeal is still pending.

Prior to his sentencing, Petitioner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He contends he challenged personal jurisdiction "over his person as a man" (Doc 1 at 6). The trial court either did not acknowledge his *pro se* Motion or did not rule favorably on it. He indicates he did not exhaust his state court remedies for this claim because the Cleveland Court officials are politically biased. He seeks removal to federal court. He also asserts that the trial court did not rule on his *pro se* motions or conduct a hearing. He indicates he did not exhaust his state court remedies for this claim because he had not yet been sentenced.

**EXHAUSTION OF STATE COURT REMEDIES**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles, including exhaustion of state court remedies. Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

In this case, Petitioner has not exhausted his state court remedies. At the time he filed the Petition, he was awaiting sentencing. He has since been sentenced and has just filed his Notice of Appeal. He has not exhausted his claims through the state court appeals process. This Petition is premature.

## **CONCLUSION**

For all the foregoing reasons, the Petition (Doc. No. 1) is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Court
                                       Chief Judge

Dated: 12/4/19